UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>LLS AMERICA, LLC,<br><br>                    Debtor,<br>―――――――――――――<br>BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>BARRY STANFORD,<br><br>                    Defendant. | NO:  CV-12-425-RMP<br><br>Bankr. Case No. 09-06194-PCW11<br><br>Adv. Proc. No. 11-80105-PCW11<br><br>DEFAULT JUDGMENT |

THIS COURT, having previously entered an Order of Default against

Defendant Barry Stanford, ECF No. 13, and having reviewed the previously filed

Memorandum of Authorities, ECF No. 11, and the Affidavits of Curtis Frye and

DEFAULT JUDGMENT ~ 1

Daniel J. Gibbons in Support of Plaintiff's Motion to Default Judgment filed herewith, and being fully advised in the premises,

**IT IS HERBY ORDERED, ADJUDGED, AND DECREED** that the Plaintiff, Bruce P. Kriegman, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC, shall have a judgment against Defendant Barry Stanford as follows:

1. Monetary Judgment in the amount of CAD $801,360.00 pursuant to 11 U.S.C. §§ 550 and RCW 19.40.071;

2. Transfers in the amount of CAD $372,800.00 made to Defendant within four years prior to the Petition Filing Date are hereby avoided and Plaintiff may take all necessary action to preserve the same, pursuant to 11 U.S.C. §§ 544, 550 and 551 and 548(a) and (b) and RCW 19.40.041(1) and (2) and19.40.071;

3. Transfers in the amount of CAD $428,560.00 made to Defendant more than four years prior to the Petition Filing Date are here avoided and Plaintiff may take all necessary action to preserve the same, pursuant to 11 U.S.C. §§ 544, 550 and 551, and RCW 19.40.041(1) and 19.40.071;

4. All said transfers to Defendant Barry Stanford are hereby set aside and Plaintiff shall be entitled to recover the same, or the value thereof, from Defendant Barry Stanford for the benefit of the estate of LLS America, pursuant to 11 U.S.C. §§ 544, 550 and 551;

DEFAULT JUDGMENT ~ 2

5. All proofs of claim of the Defendant which have been filed or brought or which may hereafter be filed or brought by, on behalf of, or for the benefit of Defendant Barry Stanford or their affiliated entities, against the Debtor's estate, in this bankruptcy or related bankruptcy proceedings, are hereby disallowed and subordinated to the monetary judgment granted herein and Defendant Barry Stanford shall not be entitled to collect on their proofs of claim (Claim No. 250-1) until the monetary judgment is satisfied by Defendants Zdenek and Vera Slanina in full, pursuant to 11 U.S.C. §§ 502(d), 510(c)(1) and 105(a);

6. A constructive trust is hereby established over the proceeds of all transfers in favor of the Trustee for the benefit of the estate of LLS America; and

7. Plaintiff is hereby awarded costs (i.e. filing fees) in the amount of $250.00 USD, for a total judgment of CAD $801,360.00, plus $250 USD, which shall bear interest equal to the weekly average of one-year constant maturity (nominal) treasury yield as published by the Federal Reserve System.

The District Court Clerk is directed to enter this Order, enter judgment as outlined above, and provide copies to counsel.

DATED this 7th day of December 2012.

       *s/ Rosanna Malouf Peterson*
       ROSANNA MALOUF PETERSON
       Chief United States District Court Judge

DEFAULT JUDGMENT ~ 3